IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| WENDY YAMILETH GUTIERREZ ZUNIGA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 8:24-2063-AAQ |
| v. | * | |
| | * | |
| CHINO MARKET, LLC *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

****** 

**MEMORANDUM OPINION AND ORDER**

This is a dispute over unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and Maryland state law. Pending before the Court is the parties' Joint Motion for approval of a Settlement Agreement that resolves Plaintiff's claims. ECF No. 23. For the reasons discussed below, the Joint Motion shall be GRANTED.

**BACKGROUND**

Plaintiff worked as a cashier and grocery clerk at Defendant Chino Market, a Maryland-based grocery store, from October 12, 2023, to June 6, 2024. ECF No. 1, at 2; ECF No. 23, at 1. Defendants Iris Tomasa Moran Salvador (Defendant Salvador) and Alfredo Naftalio Cardona Renoj (Defendant Renoj) are the owners of Chino Market and, according to Plaintiff's Complaint, were both significantly involved in the daily operations of the market during the period relevant to this case. ECF No. 1, at 3–4. Specifically, Plaintiff alleges that Defendants Salvador and Renoj directly supervised her, set her work hours, and paid her wages. *Id.*

1

Plaintiff asserts that from October 2023 to March 2024 she typically worked at Defendant Chino Market six days per week. *Id.* at 6. Her workdays ranged from ten to twelve hours long, and she received a fifteen-minute lunch break each day. *Id.* During this period, Plaintiff estimates that she worked approximately sixty to seventy hours per week, or twenty to thirty hours of overtime. *Id.* at 6–7. Despite Plaintiff's overtime hours, Plaintiff alleges that Defendants paid her a straight-time wage of $15.00 per hour for all hours worked. *Id.* at 6. From March 2024 through her termination on June 6, 2024, Plaintiff worked a lighter schedule of Monday through Friday from 4:00 p.m. to 9:00 p.m. *Id.* at 7. However, on the day Defendants fired Plaintiff, Plaintiff alleges that she worked four hours for which Defendants never compensated her. *Id.* Defendants, for their part, contest the number of hours that Plaintiff worked and deny that they ever failed to pay Plaintiff for some hours worked. ECF No. 23, at 3.

Plaintiff initiated this suit on July 16, 2024. ECF No. 1. Her Complaint alleged that Defendants violated the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–216(b); the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420; and the Maryland Wage Payment Collection Law (MWPCL), Md. Code Ann., Lab. & Empl. §§ 3-501–3-507.2, by: (1) failing to pay Plaintiff one and one-half times her regular hourly rate for each hour she worked beyond forty hours per week, and (2) failing to pay Plaintiff anything at all for some hours worked. ECF No. 1, at 8–10. As relief, Plaintiff sought her unpaid and withheld wages, an additional amount equal to twice her unpaid wages as liquidated damages, and her attorneys' fees and costs. *Id.* at 11.

After a month of settlement negotiations, the parties reached the Settlement Agreement now before the Court. ECF No. 23-2. Defendants have agreed to pay Plaintiff a total of

$16,226.26, consisting of $4,113.13 in unpaid wages, $4,113.13 in liquidated damages, and $8,000 in attorneys' fees and costs.  ECF No. 23, at 2.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts must ensure that a settlement "reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman v. LBDP, Inc.*, No. 12-cv-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, district courts in the Fourth Circuit typically "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*," which holds that "an FLSA settlement generally should be approved if it reflects a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'"  *Id.* at *2–3 (quoting *Lynn's Food Stores*, 679 F.2d at 1355). As part of this assessment, courts must evaluate: (1) whether there are FLSA issues actually in dispute; (2) whether the settlement is fair and reasonable in light of the relevant factors; and (3) whether the attorneys' fees, if included in the agreement, are reasonable.  *Id.* at *3 (citing *Lane v. Ko-Me, LLC*, No. 10-cv-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 8-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

## DISCUSSION

The parties have asked the Court to approve their proposed Settlement Agreement.  The Court finds that approval is proper as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.

### A. Existence of a *Bona Fide* Dispute

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16–17). "Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability," *Fernandez v. Washington Hosp. Servs., LLC*, No. 23-cv-839, 2023 WL 4627422, at *2 (D. Md. July 19, 2023); *see Duprey*, 30 F. Supp. 3d at 408 (finding a *bona fide* dispute where the "parties disagree[d] about Duprey's rate of pay and hours worked"); *Galizia v. Ricos Enterprises, Inc.*, No. 21-cv-2592, 2022 WL 374511, at *2 (D. Md. Feb. 8, 2022) (finding a *bona fide* dispute where defendants contested the number of hours plaintiffs worked), as can disputes over a defendant's individual liability as an employer, *see Riveros v. WWK Constr., Inc.*, No. 15-cv-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015).

In their Joint Motion, the parties state that "the proposed settlement resolves a *bona fide* dispute" because Defendants and Plaintiff disagree regarding: (1) the number of hours Plaintiff worked during the relevant period, (2) whether Defendants failed to pay Plaintiff for some hours worked, and (3) whether Defendants Renoj and Salvador are individually liable as Plaintiff's "employers" within the meaning of the FLSA, MWHL, and MWPCL. ECF No. 23, at 3–4. Courts in this District have found these issues to be *bona fide* disputes. Accordingly, a *bona fide* dispute exists between the parties under the FLSA.

### B. Fairness and Reasonableness of the Settlement Agreement

In assessing whether a settlement is fair and reasonable, the Court should evaluate the following six factors:

> (1) [T]he extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely

4

> duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (second omission in original) (quoting *Lomascolo*, 2009 WL 3094955, at *10).

The first factor asks courts to consider the extent to which discovery has taken place. When looking at this factor, courts assess whether the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (alteration in original) (quoting *A.H. Robins Co. v. Aetna Cas. & Sur. Co. (In re A.H. Robins Co.)*, 88 B.R. 755, 760 (E.D. Va. 1988)). While the parties in this case did not conduct formal discovery, "[b]y avoiding formal discovery, resources that otherwise would have been consumed by the litigation [can be] made available for settlement, and the risk and uncertainties for both parties [can be] reduced." *Duprey*, 30 F. Supp. 3d at 409. Additionally, the parties did engage in informal discovery, wherein Defendants provided Plaintiff with employment records which Plaintiff used to calculate her reasonably likely damages and settlement demands. ECF No. 23, at 4. Such informal discovery can support a finding that a settlement agreement is fair and reasonable. *See Navarro v. Eternal Trendz Cust., LLC*, No. 14-cv-2876, 2015 WL 898196, at *3 (D. Md. Mar. 2, 2015) (finding a settlement agreement to be fair and reasonable where defendant provided plaintiffs with wage/hour records during informal discovery which were used to calculate settlement demand); *Saman*, 2013 WL 2949047, at *4 (same). As such, the first factor weighs in favor of approving the Settlement Agreement.

The second factor looks to the current stage of the proceedings. Settlements can be found to be fair where proceeding further would be difficult and costly and the parties would prefer to

end proceedings before significant investment in litigation. *See*, *e.g.*, *Black v. Reviera Enter., Inc.*, No. 19-cv-201, 2020 WL 6544820, at *2 (D. Md. Nov. 6, 2020) (holding that a settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Saman*, 2013 WL 2949047, at *4 (finding that the parties' representation that they chose to settle "to avoid the costs of formal discovery, dispositive motions, and a possible trial" supported a finding that the settlement agreement was fair and reasonable). Here, the parties note that "[w]ere this case to proceed, the matters at issue would likely require the parties to incur significant expenses," and aver that "it makes sense to resolve the case early as the cost to litigate the factual disputes at issue would quickly overshadow the amount of Plaintiff's potential recovery." ECF No. 23, at 4. Given the parties' joint preference to terminate proceedings early rather than invest time and money into litigation, this factor weighs in favor of approving the Settlement Agreement.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement. There are no facts before the Court that suggest either, allowing the "presumption that no fraud or collusion occurred between counsel . . . ." *Lomascolo*, 2009 WL 3094955, at *12. Further, the parties attest that "there is no evidence of fraud of collusion in connection with the settlement." ECF No. 23, at 7. Accordingly, this factor weighs in favor of approving the Settlement Agreement.

Under the fourth factor, courts look to the experience of counsel. Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement. *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 366 (D. Md. 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations). Here, Plaintiff is

represented by Suvita Melehy of Melehy & Associates LLC. ECF No. 23, at 11. Ms. Melehy and the other Melehy & Associates professionals who worked on this case "have significant experience litigating wage-and-hour cases on behalf of plaintiffs before this Court." *Id*. Accordingly, the Court is satisfied that Plaintiff's counsel is sufficiently experienced in litigating similar matters, and this factor weighs in favor of approving the Settlement Agreement.

The fifth factor incorporates the opinions of counsel. Counsel's opinion that the potential expense and duration of litigation weighs in favor of early settlement lends credence to a proposed settlement agreement. *See Castro v. Early Learning Language Acads., LLC*, No. 18-cv-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021). In their Joint Motion, both counsel aver that the Settlement "makes sense" to ensure that litigation costs do not "overshadow the amount of Plaintiff's potential recovery." ECF No. 23, at 4. Further, both parties attest that the Settlement amount is fair and reasonable. *Id.* at 5. While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (quoting *Lomascolo*, 2009 WL 3094955, at *12), their representations in this case weigh in favor of approving the Settlement Agreement.

Applying the sixth factor, courts weigh the probability of a plaintiff's success and the relationship between the amount of the settlement and the potential recovery. In this case, the parties note that the Settlement Agreement award "represents a sum that is 100 percent of Plaintiff's Counsel's estimate of the maximum damages that she could prove at trial." ECF No. 23, at 5. It is therefore unlikely that Plaintiff could obtain a higher recovery outside of settlement, and the sixth factor weighs in favor of approving the Settlement Agreement.

Upon consideration of the relevant factors, the Court finds the Settlement Agreement to be fair and reasonable.

### C. Reasonableness of Attorneys' Fees

The Settlement Agreement must also contain reasonable provisions for allocating attorneys' fees and costs. *Duprey*, 30 F. Supp. 3d at 411. Here, the parties have decided upon an award of $8,000: $7,234.05 in fees and $765.95 in costs. ECF No. 23, at 6. The fee award is a product of a contingency agreement between Plaintiff and her counsel. *Id.* at 8.

"[A]n attorneys' fee award negotiated pursuant to a contingent-fee arrangement can be approved if the court finds (1) that the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) that they are reasonable under the lodestar approach." *Quevedo v. HBJ, Inc.*, No. 14-cv-734, 2014 WL 3970173, at *5 (D. Md. Aug. 13, 2014). The lodestar approach "multiplies 'the number of hours reasonably expended . . . by a reasonable hourly rate' to achieve 'an objective basis on which to make an initial estimate of the value of a lawyer's services.'" *Id.* (omission in original) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This Court maintains guidelines regarding appropriate hourly rates in Appendix B to its Local Rules. *See* D. Md. Local R. App. B(3).

In their Joint Motion, the parties attest that they negotiated attorneys' fees and costs separately from Plaintiff's damages. ECF No. 23, at 7. The Settlement Agreement provides for $7,234.05 in attorneys' fees and $765.95 in costs. *Id.* at 6. Plaintiff's counsel arrived at their fee request by first calculating their lodestar amount of $7,771.50, and then, as part of the settlement compromise, reducing that figure by $537.45, or approximately seven percent. *Id.* at 8.

8

According to the Joint Motion, Plaintiff's counsel spent 28.2 hours working on this case: 15.3 hours from the firm's attorneys and 12.9 hours from paralegals and paraprofessionals. *Id.* at 8. Plaintiff's counsel have documented their time spent on this case and provided the court with an itemized list of work hours along with a description for each entry explaining how the time was spent. ECF No. 23-3, at 1–4. In their Joint Motion, the parties assert, and the Court agrees, that this total number of hours is reasonable given that the case involved difficulties with service and required an extensive analysis of time and banking records. ECF No. 23, at 8. Regarding hourly rates, Plaintiff's counsel charged as follows: Mr. Omar Vincent Melehy has 37 years of experience and charged an hourly rate of $675; Ms. Suvita Melehy has 28 years of experience and charged an hourly rate of $625; and Mr. Andrew Balashov has 8 years of experience and charged an hourly rate of $450. *Id.* Plaintiff's counsel also charged hourly rates of $300 for the work of the firm's senior paralegals and law clerks and $240 for the work of non-senior paralegals and law clerks. *Id.*

These hourly rates are higher than the presumptively reasonable rates outlined in Appendix B to the Local Rules. *See* D. Md. Local R. App. B(3). However, the parties in this case negotiated attorneys' fees separately from Plaintiff's damages and agreed upon the rates and total fee award as part of their Settlement Agreement. Additionally, this Court has found these rates to be reasonable in FLSA settlements when all parties have agreed to them. *See*, *e.g.*, *Flores v. Diverse Masonry Corp.*, No. 23-cv-03215, 2024 WL 2863575, at *15 (D. Md. June 6, 2024); *Hernandez v. Nelson Precast Prods., LLC*, No. 21-cv-02814, 2023 WL 7089919, at *14 (D. Md. Oct. 26, 2023). Plaintiff's counsel also negotiated a slight reduction in their lodestar, thereby lowering the attorneys' fee request from $7,771.50 to $7,234.05 and narrowing the discrepancy

between the guidelines and the requested rates. ECF No. 23, at 9. Accordingly, the Settlement Agreement awards reasonable attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement shall be GRANTED. The parties shall file a Joint Stipulation of Dismissal with Prejudice of Plaintiff's claims within seven days of this order.

So ordered.

Date: January 17, 2025   _____/s/_____
                        Ajmel A. Quereshi
                        United States Magistrate Judge